People v Johnson
2026 NY Slip Op 03395
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Charles Johnson, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 1254/18 3045/15 |Appeal No. 6783|Case No. 2022-03655|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about August 2, 2022, which adjudicated defendant a level two sexual offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting an upward departure to level two adjudication, and there is no basis for this Court to adjudicate defendant a level one offender (see People v Gillotti, 23 NY3d 841, 861-862 [2014]). The Guidelines provide for the potential of an upward departure when an offender has "concurrent or subsequent offenses" not accounted for under risk factor nine (see SORA: Risk Assessment Guidelines and Commentary at 14 [2006]). On the same day that defendant was convicted of rape in the second degree, the basis for the instant adjudication, he was also convicted of burglary in the second degree as a sexually motivated felony, which is not a SORA registerable offense (see People v Johnson, 241 AD3d 1206, 1207 [1st Dept 2025]). However, the burglary conviction properly constituted an aggravating factor not previously accounted for, particularly where defendant fled the jurisdiction after his arrest for the burglary offense, and committed the instant offense while on bail for the burglary offense (see e.g. People v Encarnacion-Diaz, 165 AD3d 490, 491 [1st Dept 2018]). Conversely, the mitigating factors cited by defendant, including his participation in sex offender and substance abuse programming, were accounted for by the risk assessment instrument (see People v Saxton, 231 AD3d 557, 557 [1st Dept 2024], lv denied 42 NY3d 913 [2025]; People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]). Defendant also failed to establish that his head injury and subsequent surgery prevented him from reoffending (see People v Kingsley, 216 AD3d 411, 412 [1st Dept 2023], lv denied 40 NY3d 904 [2023]). In any event, defendant's cited mitigation did not outweigh the circumstances supporting an upward departure.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026